## KEVE *vs.* PAXTON and others.

1. In a suit to foreclose a mortgage upon property, therein described as all the goods and chattels mentioned in the schedule thereunto annexed, &c., an engine and boiler not connected with the walls of the building, and that could be removed without injury to it, and the shafting and pulleys put into the building by the owner, for the purposes of his business there, to furnish motive power for his machinery, (the engine and boiler being fixed to the freehold, and evidently intended to be permanent attachments to the premises, and the shafting and pulleys attached to the premises and designed to convey the power from the engine to the machines which might be in use in the factory,) were *held* to constitute part of the freehold, and to have passed with it under a sale of the land on which the building was, with its appurtenances, on an execution issued before the making of the mortgage, but levied on the land alone.

2. Machines fastened to the floor, or uprights, or to the walls, by screws or bolts to keep them steady in place, but readibly movable—not specially adapted to the premises, nor designed to be permanently attached thereto —*held* to be personalty, subject to the mortgage, and not to have passed by the sheriff's deed.

3. The purchaser at such sheriff's sale is not estopped from denying that the property so purchased by him, with the building, is personal, because, at the time of the sale, he held a mortgage, subsequent to the complainant's, on almost all of that property, in which it was treated as chattels.

---

On final hearing, on pleadings and proofs.

*Mr. C. K. Westbrook,* for complainant.

*Mr. John A. Cobb,* for defendant, Pierson.

THE CHANCELLOR.

This is a suit to foreclose a mortgage given by Cornelius Paxton to the complainant, on the 8th of September, 1873, to secure the payment of $500 and interest, upon certain property, described in the mortgage as all the goods and chattels mentioned in the schedule thereunto annexed, and then in Paxton's place of business in Beecher street, in the city of Newark. The following is the schedule : One boring machine, one hand saw, one scroll saw, one turning lathe, one kindling-wood saw, one iron drill, one tenoning machine, one power mortising machine, one foot mortising machine, one sticking machine, one moulding machine, one engine and boiler, all shafting and pulleys, one lath tenoning machine, one cross cut saw, one large planing machine, one Rogers planing machine, fifty hand planes and irons for sticking machines, and all the apparatus thereunto belonging, and also all stock now in said place of business ; also, one brown horse, one road horse, one two-seat carriage, one buggy, one large two-horse wagon, one one-horse spring wagon, two running gears, one double harness and four sets of single harness. The place of business above mentioned was a sash and blind and moulding factory, of which Paxton, at the time of making the mortgage, was the owner, and in which he then carried on the business of manufacturing sashes and blinds and mouldings. Under an execution issued out of the Supreme Court of this state, the sheriff of the county of Essex sold the lot of land on which the factory building was, with its appurtenances, on the 14th of October, 1873, to the defendant, Oliver Pierson, who now claims all of the above mentioned machines, and the lathe, saws and drill, and the engine and boiler, with the shafting and pulleys, as part of the realty. The levy was on the land alone. The engine is on the ground floor of the building, and is attached to a bed or foundation, built expressly for it of cement, stone and brick, apparently in the usual way by bolts or anchors. The boiler is on the same floor, and rests on a brick foundation built for it, and is entirely enclosed with brick work. Neither the

engine nor the boiler is in any way connected with the walls of the building, and both might be removed without injury to the building. The saws, drill, lathe and machines are either fastened to the floor, or uprights, or to the walls, in some instances by screws, and in others by bolts (the fastenings being designed merely to keep them steady in place), and may be removed without material injury to the building. The cause was submitted on the brief of the complainant's counsel, in which it was insisted that Pierson is estopped from denying in this suit that the property in question is personal, because he, at the time of the sheriff's sale, held a mortgage subsequent to that of the complainant, on almost all of that property, in which it was treated as chattels ; and further, that the property is movable and unfixed, and capable of easy transfer, and, therefore, does not pass with the realty as part thereof. The first of these positions is untenable. The question now before the court, cannot be affected by the fact that Pierson regarded the property as personal property before his purchase at the sheriff's sale.

The engine and boiler, and the shafting and pulleys, were put into the factory by the owner, for the purposes of his business there, to furnish motive power for his machinery. The engine and boiler were both fixed to the freehold, and were evidently intended to be permanent attachments to the premises. Both were so fixed to the freehold as to constitute part of it, and consequently passed with and as part of it, by the sheriff's deed. *Crane* v. *Brigham,* 3 *Stockt.* 29. The shafting and pulleys were fixtures also. They were attachments to the premises, designed to convey the power from the engine to the machines which might be in use in the factory. The rest of the property in dispute is of a different character. It consists of machines readily movable; not specially adapted to the premises, nor designed to be permanently attached thereto ; not let into the building, nor fixed to it, except by screws or bolts designed merely to hold them steady in place while in use. The character of this property is determined by the decision of the Court of Errors and

Appeals in the case of Blancke *v.* Rogers, decided in March Term, 1875. The complainant is entitled to a decree for sale of all the property described in the schedule, except the steam engine, boiler, shafting and pulleys.